\*\* **E-filed August 7, 2009** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELITA SAMPLE,<br><br>        Plaintiff,<br>    v.<br><br>MONTEREY COUNTY FAMILY AND<br>CHILDREN SERVICES, ET AL.,<br><br>        Defendants.<br>_____/ | No. C09-01005 HRL<br><br>**ORDER (1) GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS PLAINTIFF'S FIRST<br>AMENDED COMPLAINT AND (2)<br>DENYING DEFENDANTS' REQUEST<br>FOR JUDICIAL NOTICE AS MOOT**<br><br>**[Re: Docket Nos. 17, 19]** |

In March 2009, pro se plaintiff Felita Sample sued Monterey County Family and Children Services ("Monterey County") for violations of the Fourth Amendment and the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (the "Welfare Reform Act"). Her suit pertains to the removal of her children from her custody in 1995 and their placement with a relative in Texas in 1997. Monterey County filed a motion to dismiss, but before the motion was submitted, Sample amended her complaint as a matter of course and added a second defendant, social worker Yolanda Watson. *See* Fed. R. Civ. P. 15(a)(1). The court then terminated the motion to dismiss as moot. (Docket No. 9.)

Sample's amended complaint contends that Monterey County removed her children in a non-emergency situation without a warrant in violation of the Fourth Amendment. It also alleges that Watson and "the court" violated the Welfare Reform Act by sending her children to live so far away from her that she was effectively denied visitation rights. Sample further claims that Watson

failed to tell the state court making the custody decisions that plaintiff and Watson knew each other as children.  (Amend. Compl. 5–6.)

Defendants now move a second time to dismiss the amended complaint on several grounds, including a lack of subject-matter jurisdiction.  They also request judicial notice of the statements in Watson's declaration.  Sample opposes the motion.  Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, the court GRANTS defendants' motion to dismiss and DENIES AS MOOT defendants' request for judicial notice.[1]

## LEGAL STANDARD

A party may raise a lack of subject-matter jurisdiction by motion prior to filing an answer to a complaint.  Fed. R. Civ. P. 12(b)(1).  If a court determines that it does not have subject-matter jurisdiction, it must dismiss the claim.  Fed. R. Civ. P. 12(h)(3).  A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party challenging jurisdiction may do so based on the allegations in the complaint itself (a facial attack) or based on extrinsic evidence (a factual attack).  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  When the moving party raises a factual challenge by presenting affidavits and other evidence, the opposing party must also present affidavits or other evidence to satisfy its burden of establishing subject-matter jurisdiction.  *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  The trial court may then review the evidence and resolve disputes that do not involve resolution of an essential element of the claim to determine whether it has subject-matter jurisdiction.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## DISCUSSION

In 1995, police arrested Sample for an outstanding warrant while she was sitting in her car with her three minor children.  The police released her children to her aunt, and five days later, Sample claims that Monterey County "seized" her children without a warrant while she was still in custody.  In 1997, the Superior Court of California for the County of Monterey, Juvenile

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

2

1 Dependency Court ("Dependency Court"), allegedly with the involvement of defendant Watson,
2 ordered that her children be sent to a relative in Texas, necessarily limiting her visitation rights on
3 account of the distance.

### A. Motion to Dismiss

Although defendants raise many alternative grounds in support of their motion to dismiss,[2] the court will first address their assertion that this court lacks subject-matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Defendants have presented affidavits and evidence in their motion that go beyond the face of the complaint, and thus the court will evaluate their motion as a factual challenge to subject-matter jurisdiction.

Defendants argue that this court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. (Mot. 8–9.) Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker-Feldman* doctrine builds upon this basic principle to deny federal subject-matter jurisdiction over claims involving state court judgments when four factors are met. First, the plaintiff must have lost in the state court. Second, the state court judgment must have been rendered before the filing of the federal claim. Third, the plaintiff must complain of injuries caused by the state court judgment. Finally, the plaintiff's complaint must invite the district court to review and reject the judgment of the state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

#### 1. Loss in State Court

Sample's complaint is based on her losing custody of her children. California law states that "while the child is under the jurisdiction of the juvenile court, all issues regarding his or her custody shall be heard by the juvenile court." Cal. Welf. & Inst. Code § 304. Sample would have therefore lost custody of her children only through an order of the Dependency Court. This is clearly a loss in state court and the first factor of *Rooker-Feldman* is met.

///
///

---

[2] Defendants' other grounds for dismissal include: (1) the expiration of the statute of limitations, (2) abstention, (3) failure to state a claim, (4) preclusion, (5) the *Monell* doctrine for defendant Monterey County, and (6) qualified or absolute immunity for defendant Watson.

### 2. Timing of State Court Judgment

Sample's children were initially removed from her custody in 1995 and sent to Texas in 1997. She does not suggest that these decisions are not final. *See* California Rules of Court 8.400(d)(1) (providing sixty days to file a notice of appeal for parental custody orders). Therefore, the state court's decisions were rendered prior to plaintiff filing her complaint in 2009 and the second factor of *Rooker-Feldman* is met.

### 3. Injuries Caused by the State Court Judgment

Sample asserts that because her children were sent to live so far away, she was unable to visit them. She alleges that as a result, she and her children are now "complete strangers." (Amend. Compl. 5.) As discussed above, the Dependency Court would have made the decision sending her children to Texas. Therefore, her claimed injuries are the result of the Dependency Court's order sending her children to live in Texas.

Furthermore, while making its decision, the Dependency Court would have had before it the history of events involving the children. To review the state court's decision, this court would need to determine whether the Dependency Court properly considered such past events. Accordingly, any earlier actions by either Monterey County or Watson that may have influenced the state court are "inextricably intertwined" with the state court's decision. *See Reusser v. Wachovia Bank N.A.*, 525 F.3d 855, 859 (9th Cir. 2005) (noting that issues are inextricably intertwined where the federal court's evaluation of the issues would require it to "undercut" the state court's order). As a result, the third factor of *Rooker-Feldman* is met.

### 4. Invitation to Review and Reject State Court Judgment

Sample's amended complaint states that the decision sending her children away "should be reversed" because Monterey County "seized" her children without a warrant.[3] (Amend. Compl. 4.)

---

[3] Plaintiff's complaint on this point spends a great deal of time discussing the dangers of allowing courts to evaluate evidence that is seized without a warrant in violation of the Fourth Amendment. She notes that courts may reverse a criminal conviction where the defendant was forced to furnish evidence against himself without a warrant. (*See* Amend. Compl. 3–4.) However, in this case, the physical presence of her children in temporary custody of Monterey County is not "evidence" that the Dependency Court would have used against Sample when deciding whether to send her children to Texas. In other words, the physical bodies of her children are not equivalent to physical evidence (such as a weapon or drug paraphernalia) that is used to convict someone of a crime.

She also alleges that in addition to the defendants, the *court*[4] violated her rights by sending her children so far away that she was effectively denied visitation. (Amend. Compl. 5.) Finally, at the motion hearing, Sample said she was challenging the Dependency Court's decision.

At the complaint's core, Sample expresses her unhappiness that she and her children are strangers because the Dependency Court placed her children such that she was unable to visit them on account of the distance. Her injuries could therefore only be remedied by a rejection of the Dependency Court's order sending her children to Texas. Although she asks for monetary damages, she would only receive a damage award if this court determined that the Dependency Court's decisions pertaining to the custody of her children—including any review or authorization of defendants' actions—were in error. Accordingly, to evaluate her claims and grant her the relief she requests, this court would have no choice but to review and reject the state Dependency Court's decision, including its acceptance of Monterey County's removal actions.[5]

Yet, there is an exception to the *Rooker-Feldman* doctrine where the state court's judgment is based on extrinsic fraud. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). " 'Extrinsic fraud is conduct which prevents a party from presenting his claim in court.' " *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting *Wood v.McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). Sample claims that she and Watson grew up in the same neighborhood and talked almost every day as children. She alleges that Watson acted maliciously when she failed to disclose to the Dependency Court that she "personally knew" Sample. (Amend. Compl. 6.) Watson denies that she personally knows Sample and even says that they have never met. (Watson Dec. ¶ 10.) However, the court does not need to resolve this disputed fact because even if Watson did fail to tell the Dependency Court that she personally knew Sample from when they were children, this action alone would not have prevented Sample from presenting her side of the case to the Dependency Court. Therefore, any conflict of interest does not rise to the level of extrinsic fraud.

---

[4] Sample noted in her individual case management statement that she wanted to add "the superior court judge on the case of C.P.S. case" to her lawsuit. (Docket No. 14.)

[5] Although Sample alleges that a warrant is necessary in a non-emergency, California law does allow both peace officers and state social workers to take temporary custody of children without a warrant under certain circumstances, such as when the child has been declared a dependent of the juvenile court after the parent's incarceration. *See* Cal. Welf. & Inst. Code §§ 300, 305, 306.

5

Sample's claims fall within the *Rooker-Feldman* doctrine, and as such, this court lacks subject-matter jurisdiction.

**B.     Judicial Notice**

Defendants also request that the court take judicial notice of the statements and facts contained in Watson's declaration. Because this court lacks subject-matter jurisdiction over Sample's complaint, defendants' request for judicial notice is DENIED AS MOOT.

## CONCLUSION

Plaintiff amended her complaint once as a matter of course after defendant Monterey County filed its first motion to dismiss raising many of the same arguments that defendants present here. However, plaintiff failed to address any of the grounds for defendants' motion in her opposition,[6] nor was she prepared to address those grounds at the motion hearing. Nevertheless, the court will allow her to amend her complaint a second time to adequately state a claim over which this court has subject-matter jurisdiction.

The court observes that several of the defendants' other grounds for dismissal appear sound, and Sample would need to address those issues to have success in any amended complaint. In particular, defendants argue that Sample's complaint is untimely as all available statutes of limitation have expired. Although Sample said at the hearing that her fourteen-year delay in filing suit was because she "just found out about her constitutional rights," this alone would likely be insufficient to justify such a lengthy delay.

Based on the foregoing:

1. Defendants' motion to dismiss plaintiff's amended complaint is GRANTED WITH LEAVE TO AMEND. Plaintiff may file an amended complaint within fourteen days of this order that addresses this court's lack of subject-matter jurisdiction as well as the substantive grounds raised in defendants' motion to dismiss. Plaintiff shall caption any amended complaint as "Second Amended Complaint."

2. Defendants' request for judicial notice is DENIED AS MOOT.

---

[6] Sample's written opposition—filed ten days late—focused only on her mistaken belief that defendants were not allowed to file a motion to dismiss before they filed an answer.

6

3. The initial Case Management Conference currently set for August 25, 2009 is continued to **September 15, 2009**. All deadlines set in the court's Order Setting Initial Case Management Conference and ADR Deadlines (Docket No. 4) are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: August 7, 2009



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 09-01005** N**otice will be electronically mailed to:**

Irven L. Grant    granti@co.monterey.ca.us, mcmillincb@co.monterey.ca.us

**Notice will be send by other means to:**

Felita Sample
1406 Sturgeon Street #B
San Francisco, CA 94130

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**